# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Vernon Marquis-Meghee Luster | ) | CASE NO.:  5:23CV1185 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Vernon Marquis-Meghee Luster filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1), challenging his conviction and sentence. For the following reasons, the Court denies Luster's petition.

## I. Background

Luster's petition contains very few facts. But the Court's review of the docket reveals that Luster pleaded guilty to conspiracy to commit bank robbery, bank robbery, conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and attempted Hobbs Act robbery, and the district court imposed a prison sentence of 60 months and 121 months, to be served concurrently. (*See United States v. Luster*, Northern District of Ohio, No. 5:20-CR-00117 (Doc. No. 146)). Luster filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Court dismissed as untimely. (*Id.*, Doc. No. 194).

Luster now files this petition under Section 2241, asserting four grounds for relief: (1) attempted Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and conspiracy to commit bank robbery no longer qualify as a crime of violence; (2) the district court erred in ordering Luster's Ohio case and his Pennsylvania case to be served consecutively; (3) Luster never possessed or brandished a firearm to support the charge of attempted bank robbery; and (4) the calculations and sentencing stipulations are "off." (Doc. No. 1). He asks the Court to vacate his conviction for conspiracy to commit Hobbs Act robbery, conspiracy to commit bank robbery, and attempted Hobbs Act robbery. He also requests the Court order his Ohio and Pennsylvania cases to be served concurrently.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### III. Law and Analysis

Generally, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'-- those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a Section 2241 petition when his attempts to obtain relief under Section 2255 are unsuccessful. *Id.* A prisoner may, therefore, not use Section 2241 to get a "second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a Section 2255 motion. *See Fuentes v. Sepanek*, No. 13-170-HRW, 2014 U.S. Dist. LEXIS 22754, 2014 WL 705291, at *3 (E.D. Ky. Feb. 24, 2014) (dismissing Section 2241 petition asserting ineffective assistance of counsel in connection with a plea agreement).

Section 2255(e), the "saving clause," however, creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a Section 2241 petition. The saving clause allows a federal prisoner to challenge his conviction or sentence under Section 2241 if he can show that his remedy under Section 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). The Section 2255 remedy is not considered "inadequate or ineffective" simply because Section 2255 relief has already

been denied, the petitioner is procedurally barred from pursuing relief under Section 2255 because he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or because the petitioner has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756 (citations omitted). The petitioner bears the burden of establishing that his remedy under Section 2255 is "inadequate or ineffective." *Id*.

Recently, the Supreme Court clarified that the saving clause applies only if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 143 S. Ct. 1857, 1866, 216 L.Ed.2d 471 (2023); *Garner v. Gilley*, No. 23-5114, 2023 U.S. App. LEXIS 22246, *4 (6th Cir. Aug. 23, 2023). One example of such an unusual circumstance is where the sentencing court no longer exists. *Jones*, 143 S. Ct. at 1866 ("a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose") (citing *Witham v. United States*, 355 F. 3d 501, 504-505 (6th Cir. 2004) (finding Section 2255 inadequate or ineffective after court-martial was dissolved); *Edwards v. United States*, 1987 WL 7562, *1 (EDNY, Feb. 9, 1987) (finding Section 2255 inadequate or ineffective after District Court of the Canal Zone was dissolved)). The saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty's] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 143 S. Ct. at 1864. "The inability of a prisoner with a statutory claim to satisfy th[e] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 1869.

4

Here, Petitioner is clearly challenging his conviction and sentence in this petition. And it appears that he is attempting to argue that an intervening change in the law, in *United States v. Taylor*, 142 S. Ct. 2015, 213 L. Ed.2d 349 (2022), establishes his actual innocence.[1] But Petitioner has failed to demonstrate that a motion to vacate under Section 2255 is "inadequate or ineffective." And no such unusual circumstances that make it "impossible or impracticable" to seek relief from the sentencing court are apparent from the record. Accordingly, Petitioner has failed to show the applicability of Section 2255(e)'s saving clause. *See Birtha v. Gilley*, No. 22-6030, 2023 U.S. App. LEXIS 24159, *2 (6th Cir. Sept. 12, 2023) (Petitioner's Section 2241 petition seeking relief through the saving clause in light of *Taylor*, *supra*, is foreclosed by *Jones*, 143 S. Ct. 1857, 1866, 216 L.Ed.2d 471 (2023)). The Court may therefore not entertain his petition for a writ of habeas corpus under Section 2241. *See Taylor*, 990 F.3d at 499-500 (6th Cir. 2021) (a district court lacks subject matter jurisdiction to address a habeas petition filed under Section 2241 where Petitioner has not demonstrated a Section 2255 motion is inadequate or ineffective to challenge his sentence).

### IV. Conclusion

The Court GRANTS Petitioner's application to proceed *in forma pauperis* (Doc. No. 2).

---

[1] Although Petitioner does not identify a specific Supreme Court decision that would afford him relief from his conviction or sentence, in liberally construing the petition, the Court has determined that Petitioner is arguably claiming that *United States v. Taylor*, 142 S. Ct. 2015, 213 L. Ed.2d 349 (2022) applies. In *Taylor*, the Supreme Court held that Attempted Hobbs Act robbery does not qualify as a "crime of violence" under §924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. *Id.* at 2017.

5

For the foregoing reasons, the Court DENIES the Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and DISMISSES this action pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

October 3, 2023                              _/s/ John R. Adams_____
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT